UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NIGHT BOX
FILED

OCT 14 2003

CLARENCE MADDOX
CLERK, USDC / SDF - MIA

SHELYNDRA BROWN, by her
Mother and next friend,
JESSIE O'NEIL, et al.,

      Plaintiffs,

vs.                   CASE NO.: 980673-CIV-MARTINEZ/DUBE

JEB BUSH, et al.,

      Defendants.
_____/

## PLAINTIFFS' OBJECTIONS TO THE DOCUMENTS REQUESTED IN THE 30B(6) NOTICES TO THE ADVOCACY CENTER FOR PERSONS WITH DISABILITIES, INC. AND PAT WEAR

Plaintiffs hereby state their objections to the documents requested in the 30(b)(6) notices to the Advocacy Center for Persons with Disabilities, Inc., and Pat Wear.

1. All documents, excluding records that are privileged pursuant to work product of attorney client privilege, relating to the named plaintiffs dated, created or received by the Advocacy Center on January 1, 1997, or thereafter.

Plaintiffs have provided or will provide those documents in their custody and control which are being produced in their normal place of business and which are not subject to claims of privilege and work product. The PADD file of Kerry Mangham will be produced in the Advocacy Center's Tallahassee office. The remaining files of named plaintiffs Shelyndra Brown, Henry Sims, Ronald Adsides, Linda Faye Johnson, and Mervyn Morell will be produced in the Advocacy Center's

251
bb

Tampa office. A privilege log is being produced for documents for which plaintiffs claim of attorney-client privilege or work product.

2. All documents, excluding records that are privileged pursuant to work product of attorney client privilege, relating to any individual whom Plaintiffs contend is a class member in this case dated, created or received by the Advocacy Center on January 1, 1997, or thereafter.

Plaintiffs have provided or will provide those documents in their custody and control which are being produced in their normal place of business and which are not subject to claims of privilege and work product. A privilege log is being produced for documents for which plaintiffs claim of attorney-client privilege or work product.

3. All documents relating to visits by representatives of the Advocacy Center to any of the four (4) DSIs, which are the subject of this litigation dated, created or received by the Advocacy Center on January 1, 1997, or thereafter.

Plaintiffs have provided or will provide those documents in their custody and control which are being produced in their normal place of business and which are not subject to claims of privilege and work product. A privilege log is being produced for documents for which plaintiffs claim of attorney-client privilege or work product. Plaintiffs have produced responsive documents for the period since on or about January 1, 2000. Due to changes in the staff of the PADD unit, plaintiffs have found it unduly burdensome to locate those records before January 1, 2000. For the purpose of this document request, plaintiffs have relied on defendants' assurances that they were not seeking attorney-client or work product privilege and therefore have not reviewed records of attorneys.

4. All documents relating to requests for records for any of the DSIs dated, created or received by the Advocacy Center on January 1, 1997, or thereafter.

Some documents have previously been produced. To the extent that other documents have been found, they have been produced. Plaintiffs have provided or will provide those documents in the correspondence files of Pat Wear and Sylvia Smith. Any further document review would be unduly burdensome.

5. All correspondence between the Center and DCF, AHCA, the AG, the Legislature, the DDC dated, created or received by the Advocacy Center on January 1, 1997, or thereafter.
   a. Named plaintiffs
   b. Those we contend to be class members
   c. The DSIs
   d. Appropriations for the DDP
   e. Budget for the DDP

To the extent that other documents have been found, they have been produced. Plaintiffs have provided or will provide those documents in the correspondence files of Pat Wear and Sylvia Smith. Any further document review would be unduly burdensome.

6. All public records requests submitted by the Center (or at its request) to DCF, AHCA, the Governor, the legislature dated, created or received by the Advocacy Center on January 1, 1997, or thereafter.
   a. Named plaintiffs
   b. Those we contend to be class members
   c. The DSIs
   d. Appropriations for the DDP
   e. Budget for the DDP

To the extent that other documents have been found, they have been produced. Plaintiffs have provided or will provide those documents in the correspondence files of Pat Wear and Sylvia Smith. Any further document review would be unduly burdensome.

7. Any written reports or correspondence re: Homeward Bound dated, created or received by the Advocacy Center on January 1, 1997, or thereafter.

The Advocacy Center has provided all documents responsive to this request except for one item which is under seal by the United States District Court for the Northern District of Oklahoma. A privilege log is attached for this item.

8. Current resumes of Pat and Sylvia

These have been produced.

9. Any written reports relating to claims in the complaint dated, created or received by the Advocacy Center on January 1, 1997, or thereafter.

Plaintiffs have produced those documents responsive to this request. For the purpose of this document request, plaintiffs have relied on defendants' assurances that they were not seeking attorney-client or work product privilege and therefore have not reviewed records of attorneys.

10. Any notes or other documents relating to conversations with DCF employees re: DSIs, phasing down and/or appropriations dated, created or received by the Advocacy Center on January 1, 1997, or thereafter.

Plaintiffs have produced those documents responsive to this request. Plaintiffs have provided or will provide those documents in the files of Sylvia Smith. Pat Wear did not maintain any notes. Any further document review would be unduly burdensome. For the purpose of this document request, plaintiffs have relied on defendants' assurances that they were not seeking attorney-client or work product privilege and therefore have not reviewed records of attorneys.

11. Any notes or other documents relating to conversations with AHCA

employees re: DSIs, phasing down and/or appropriations dated, created or received by the Advocacy Center on January 1, 1997, or thereafter.

Plaintiffs have produced those documents responsive to this request. Plaintiffs have provided or will provide those documents in the files of Sylvia Smith. Pat Wear did not maintain any notes. Any further document review would be unduly burdensome. For the purpose of this document request, plaintiffs have relied on defendants' assurances that they were not seeking attorney-client or work product privilege and therefore have not reviewed records of attorneys.

12. Any documents, memos, correspondence relating the DSIs, phasing down and/or appropriations dated, created or received by the Advocacy Center on January 1, 1997, or thereafter.

Plaintiffs have produced any documents responsive to this request from the files of Sylvia Smith and Pat Wear. Any further document review would be unduly burdensome. For the purpose of this document request, plaintiffs have relied on defendants' assurances that they were not seeking attorney-client or work product privilege and therefore have not reviewed records of attorneys.

13. Any notes dated or created on or after March 1, 1997 relating to any and all named plaintiffs in this action and any individual the Center believes is a class member.

Plaintiffs claim work product privilege and attorney client privilege regarding all communication between Advocacy Center staff and any individual the Center believes is a class member. Plaintiffs also believe that this request is unduly burdensome. For the purpose of this document request, plaintiffs have relied on defendants' assurances that they were not seeking attorney-client or work product privilege and therefore have not reviewed records of attorneys.

14. All notes or records of contacts with individuals regarding selection for "community placement", discharge planning, selection or creation of "community placements", and the actual placement in the community and the adequacy of such items dated, created or received by the Advocacy Center on January 1, 1997, or thereafter.

Plaintiffs object to this document request as unduly burdensome and overbroad. Further, plaintiffs also objecct on the grounds of work product and attorney-client privilege.

15. All documents, internal memoranda or correspondence, dated on or after January 1, 1997, to or from any individuals challenging the adequacy of services provided through the "community placement" process in Florida.

Plaintiffs object to this document request as unduly burdensome and overbroad. Further, plaintiffs also object on the grounds of work product and attorney-client privilege.

16. Any records or reports of or pertaining to monitoring of the "community placement" process in Florida by the Center

Plaintiffs object to this document request as unduly burdensome and overbroad. Further, plaintiffs also object on the grounds of work product and attorney-client privilege. Plaintiffs note that experts Diane Edwards, M.D., and Sue Gant provided monitoring of the community placement process in *Cramer v. Bush* for class members in that case, and assert that their work in that case, involving placement of individuals from private ICF/DDs in the community, is not relevant here. Further, their observations were shared with defendants and remedial action was taken as a result.

17. The personnel files of any employees who have performed monitoring of the "community placement" process in Florida for the Advocacy Center dated, created or received by the Advocacy Center on January 1, 1997, or thereafter

6

Plaintiffs object to producing these documents on the grounds that they are not relevant to this litigation and that they are not likely to lead to the production of relevant information. Further, the request for entire personnel files is clearly overbroad under any circumstances. Further, in the event that production were required, these documents should only be produced under a protective order because these documents contain private information.

18. Any documents relating to contracts to provide monitoring of the "community placement" process in Florida for the Advocacy Center dated, created or received by the Advocacy Center on January 1, 1997, or thereafter

Plaintiffs object to this document request on the grounds of relevance. Plaintiffs' experts Diane Edwards, M.D., and Sue Gant provided monitoring of the community placement process in *Cramer v. Bush* for class members in that case, and assert that their work in that case, involving placement of individuals from private ICF/DDs in the community, is not relevant here.

19. Any documents, correspondence, notes or interoffice memos, dated, created or received by the Advocacy Center on January 1, 1997, or thereafter relating to the claims in the complaint (which have not been previously produced).

There are no documents responsive to this request that have not been previously produced or have not been the subject of a prior objection, including the objection of being unduly burdensome.

20. Any written guidelines relating to time frames for the delivery of "community placements" in any other state.

There are no documents responsive to this request.

7

21. Any notes or documents, including e-mail dated, created or received by the Advocacy Center on January 1, 1997, or thereafter relating to conversations between employees or agents of the Center and DCF re: community placement process or the adequacy of that process.

Plaintiffs have produced those documents responsive to this request which involve individuals in Developmental Services Institutions since January 1, 2000, and object on the grounds of undue burden to producing documents which were created prior to that date.

22. Any documents dated, created or received by the Advocacy Center on January 1, 1997, or thereafter regarding the "community placement" process in Florida or the adequacy of that process.

This request is duplicative of requests above and has been previously answered.

23. All reports dated, created or received by the Advocacy Center on January 1, 1997, or thereafter relating to any of the 4 DSIs which are subject of the litigation.

This request is duplicative of requests above and has been previously answered.

24. Any and all reports pertaining to private ICF/DDs or ICF/MRs.

Plaintiffs object to producing documents responsive to this request as they are not relevant or likely to lead to relevant evidence.

Respectfully submitted,

HUBERT A. GRISSOM
General Counsel
Fla. Bar No. 0166758
Advocacy Center for Persons
   with Disabilities, Inc.
1000 N. Ashley Drive. Ste. 513
Tampa, FL 33602

8

Tel. No. 813-233-2920
Fax No. 813-233-2917
Email: Hubertg@advocacycenter.org

ELLEN M. SAIDEMAN
Fla. Bar No. 038751
c/o Roger Williams University
Ralph S. Papitto Law School
Ten Metacom Avenue
Bristol RI 02806
Tel. No. 401-254-4507
Fax No. 401-254-4640
Email: saideman@aol.com

STEVEN SCHWARTZ
ROBERT FLEISCHNER
Center for Public Representation
22 Green Street
Northampton, MA 01060
Tel. No. 413-5867-6024
Fax No. 413-586-4711
Email: Sschwartz@cpr-ma.org
Rfleischner@cpr-ma.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by fax and by United States Mail to Stephanie A. Daniel, Esquire, Assistant Attorney General, Office of the Attorney General, The Capitol, Suite PL-01, Tallahassee, Florida 32399-1050 and Thomas B. York, Esquire, Dilworth Paxson LLP, 112 Market Street, 8th Floor, Harrisburg, PA 17101 and by mail only to Mark Dubin, Esquire, Civil Rights Division, United States Department of Justice, 1425 New York Avenue N.W., Room 4002, Washington D.C. 20005; Veronica Harrell-James, Esquire, Assistant U.S. Attorney and Marcos Daniel Jimenez, Esquire, United States Attorney, Southern District of Florida, 99 N.E. 4th Street, Miami, Florida 33132, this _____ day of October, 2003.

                                                        _____
                                                        Hubert A. Grissom